**In the Matter of Judy Ann CATLETT et al.**
**No. 47676.**

Supreme Court of Oklahoma.

Dec. 2, 1975.

Sterling Wallace Weaver, Woodward, for appellant, Samuel Lee Catlett.

Donald L. Ritter, Oklahoma City, for appellee, Dept. of Institutions, Social and Rehabilitative Services.

LAVENDER, Justice:

This is an appeal from trial court's action taken under 10 O.S.1971 § 1101 et seq., Delinquent, Dependent and Neglected Children.

January 30, 1973, petition filed praying adjudication of five children (Judy Ann, age 15; Carolyn Sue, age 13; Cindy Lou, age 12; Sandra Lynn, age 11; and Everett Lee, age 7) to be dependent and neglected. They were children of Leona and Samuel Lee Catlett. The parents divorced. At the time of the petition, the children were living with and in the custody of the natural mother. February 2, 1973, in a temporary order, the trial court adjudicated the children to be dependent and neglected. Custody was given to Department of Institutions, Social and Rehabilitative Services. October 23, 1973, Samuel Lee Catlett (appellant), the divorced natural father, intervened. Prior to his marriage with Leona, he was married and divorced. From time to time temporary orders were issued returning some of the children to the custody of the natural mother. July 3, 1974, at a hearing and in a resulting order, the trial court again determined the children to be dependent and neglected and ordered custody with the Department of Institutions, Social and Rehabilitative Services, without authority to consent to adoption. Father appeals. The mother did not appeal.

Father argues (1) his parental rights were terminated without proper notice, (2) best interest of children is for natural father to have custody and (3) since father was not found unfit custody should not be awarded to a third party.

■ We find the hearing and subsequent order was a disposition hearing and order under §§ 1115 and 1116. Permissible disposition orders include commitment to the custody of the Department.[1] Section 1116(a)(3). Sub-paragraph (b) of that section prohibits termination of parental rights without notice. If that right is terminated, it allows the court to invest in the custodial entity authority to consent to the adoption. Trial court in the present case refused to invest that authority. This was not a termination of parental right hearing and order. Appellee does not contend the

parental right of the father was terminated. Section 1132 provides such a termination goes to the parent-child relationship, including parent's right to custody and visitation, control of training and education, consent to adoption and right to child's earning; and right to inherit from or through the child. Other than as to custody, none of the parental rights were denied the father.

■ Father points to the formal order and its use of "permanent" in the findings as to the best interest of the children "that they be placed with a person or institution on a permanent basis." In the order portion, one again finds "permanently for care, custody, control * * *." At the conclusion of the evidentiary hearing, the trial court rendered his ruling. He made remarks as to findings and closed by saying:

> "It will be the order of the court that the children be placed or will be found to be dependent and neglected. Neglected as far as the mother is concerned and will be dependent as far as the father is concerned. The custody will be placed with the department of Institutions, Social and Rehabilitative Services, commonly known as the welfare department. And this will be a permanent order with no right of Adoption."

The trial court fixed custody only. No other parental rights were denied. There was no vesting of authorization as to adoption. It was the order that was made permanent and not the custody. This was an attempt by the trial court to distinguish that order from those previously rendered as temporary orders. The filed formal order of the trial court goes farther and does appear to establish the custody as permanent. Section 1116(a)(3) calls for an indeterminate period of time as to a delinquent child. No similar requirement is made as to dependent and neglected children. Section 1118 allows modification of any order and decree except an order terminating parental rights and an order com-

---

1. The term "Department" means the Department of Public Welfare of the State of Oklahoma, 10 O.S.1971 § 1101(d).

mitting to the Department a child adjudicated to be delinquent. These two orders may not be modified. With the custody order of the trial court subject to possible subsequent modification, we question the order providing it to be a permanent order or that the custody provisions are permanent. That part of the trial court's order is removed and the order is so modified. We hold the order appealed did not terminate the father's parental rights. His argument as to this point is not good.

There was evidence before the trial court of the mother's neglect caused by her drinking. She also was remarried to a younger man about 26 years of age. She does not appeal. The father does not dispute her neglect.

■ Other evidence showed the father operated a small dairy business. He had made no profit in the last two years. His mother had helped him financially. He had substantial debts for feed and purchase of other cows coming due soon. A case worker testified the father declared he was not financially able to support the children when the parents separated. The father testified he had not paid any child support for he "just don't have that kind of money to turn loose of." This he had told to "welfare." He refused to state the number of calves he had available to pay his present debt of approximately $10,000 or how much money his mother gave him each month. The mother received aid for dependent children at times. It was shown the father had a reasonably adequate house and the court found him to be a suitable person as a parent. The court determined the children were dependent as far as the father was concerned. The evidence supports that adjudication.

■ This is not a child custody case in a divorce action. After having made the adjudication of the children dependent and neglected, the trial court by § 1116 is limited to certain kinds of disposition orders: (1) supervision in child's own home; (2) commit custody to a private institution or agency; (3) commit custody to the De-partment; and (4) dismiss or terminate its jurisdiction. Here the trial court gave custody to the Department. There is evidence to support that decision. The trial court did not abuse his discretion. His order was within the statutory kinds of orders of disposition available to him.

Affirmed with the trial court's order modified in part as determined by this opinion.

All of the Justices concur.